

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MIGUEL ANGEL SOSA-QUINONES<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA<br>Respondent, | Case No. CV 07-04103 CBM<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

The matter before the Court is Petitioner Miguel Angel Sosa-Quinones' "Motion for Time Reduction by an Inmate in Federal Custody" which the Court characterizes as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

**JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2255.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On January 9, 2006, Sosa-Quinones pleaded guilty, without a plea agreement, to an illegal reentry to the United States in violation of 8 U.S.C. §1326(a),(b)(2). This Court ordered Sosa-Quinones to 51 months imprisonment,

1  followed by three years of supervised release. Judgment was entered on June 13,
2  2006. To date, Sosa-Quinones has not filed a notice of appeal of the Judgment.
3       On May 18, 2007, Sosa-Quinones filed this pro per motion to modify and
4  correct his sentence pursuant to 28 U.S.C. § 2255. Sosa-Quinones seeks a
5  reduction in his sentence based on the following grounds: (1) his status as a
6  deportable alien entitles him to a downward departure of his sentence; (2) the
7  Government should have offered a two-level reduction in offense level in
8  exchange for a stipulation to deportation; and (3) his exclusion from various
9  Bureau of Prisons programs such as a drug rehabilitation program, half-way
10 house and/or Unicor job (collectively "BOP Programs") due to his deportable
11 alien status violates his rights to due process and equal protection under the
12 United States Constitution. On April 30, 2008, the Government filed a response
13 to Sosa-Quinones' motion. To date, Sosa-Quinones has not filed a reply.

## DISCUSSION

### A. Standard of Law

Under 28 U.S.C. § 2255(a), a prisoner may move to vacate, set aside, or correct his sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States…or is otherwise subject to collateral attack." "As a general rule, Section 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court. *Id.* at 956.

B.  **Analysis**

  1.  **Whether Sosa-Quinones Procedurally Defaulted on his Claims by Failing to Raise Them on Direct Review**

A prisoner may not collaterally attack a sentence in a motion to vacate if he did not challenge it at sentencing or on a direct appeal. *Johnson v. United States*, 362 F.3d 636, 638 (9th Cir. 2004). If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate cause excusing his procedural default and actual prejudice resulting from the default. *United States v. Frady*, 456 U.S. 152, 168 (1982). However, the failure to raise a "constitutional claim" on direct review does not constitute a procedural default, thus constitutional claims may be raised in collateral proceedings even if the defendant failed to pursue them on appeal. *United States v. O'Mara*, 827 F.Supp 1468, 1472 (9th Cir. 1993) *citing United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984).

Here, the Government argues that Sosa-Quinones has procedurally defaulted on his claims because he has failed to pursue those claims on appeal. However, Sosa-Quinones brings this motion, at least in part, on constitutional claims and thus, may raise those claims in collateral proceedings even though he failed to pursue them on appeal. *O'Mara*, 827 F.Supp at 1472. It is unclear whether Sosa-Quinones' constitutional claims are related to all three bases to reduce his sentence. The Court will assume for the purpose of deciding this motion that Sosa-Quinones has not procedurally defaulted on the claims and the merits of each claim is discussed below.

## 2. Whether Sosa-Quinones is Entitled to Downward Departure based on his Deportable Alien Status

Sosa-Quinones seeks a downward departure in his sentence based on his deportable alien status because he has been committed to "harsher time" than a United States citizen. In *United States v. Martinez-Ramos*, 184 F.3d 1055, 1057 (9th Cir. 1999), the Ninth Circuit specifically held that the courts have no discretion to depart downward from the guidelines based on a defendant's deportable alien status. The Circuit noted that In offenses where the criminal alien's deportable status was irrelevant to the crime, a deportable alien may be entitled to a departure, however, when a defendant is guilty of a § 1326 offense he is subject to the same sentencing constraints as all other § 1326 defendants because his status as an illegal alien was "part and parcel of the crime." *Id.* at 1058. Thus, the court reasoned that the Sentencing Commission took deportable alien status into account when formulating the applicable guideline and therefore there is no basis for a downward departure. *Id.* at 1058.

Here, Sosa-Quinones was convicted of a § 1326 offense and therefore pursuant to *Martinez-Ramos*, 184 F.3d at 1057, this Court is unable to grant a downward departure based on Sosa-Quinones' deportable alien status because his status is "part and parcel" of the offense. Accordingly, Sosa-Quinones' request for a downward departure based on his deportable alien status is denied.

## 3. Whether Sosa-Quinones is Entitled to a Downward Departure based on a Final Deportation Order

Sosa-Quinones also requests relief from his sentence based upon United States Attorney General Janet Reno's Memorandum dated April 28, 1995 which

- 4 -

provides that prosecutors may offer up to a two-point departure from the guidelines if the defendant accepts a final deportation order.

Here, Sosa-Quinones pleaded guilty without a plea agreement. There is no evidence that the Government offered, or that Sosa-Quinones accepted, a final deportation order. Moreover, there is no evidence that the Government was required to offer a final deportation order to Sosa-Quinones. Thus, there is no evidence to support Sosa-Quinones' request for a downward departure based on an acceptance of a final deportation order. Accordingly, Sosa-Quinones request for a downward departure on this basis is denied.

### 4. Whether the Exclusion of Sosa-Quinones from the BOP Programs Violates his Constitutional Rights

Sosa-Quinones argues that his exclusion from various BOP Programs due to his deportable status violates his rights to due process and equal protection under the United States Constitution. Although deportable aliens are generally protected under the Fifth and Fourteenth Amendments, the Ninth Circuit held that the exclusion of deportable aliens from BOP programs which provide for more lenient sentences to citizen inmates does not violate the equal protection clause because the exclusion is rationally related to the BOP's legitimate interest in preventing prisoners from fleeing while participating in those programs. *McLean v. Crabtree*, 173 F.3d 1176, 1184-1186 (9th Cir. 1999) (the government's interest to exclude deportable aliens from the BOP programs is based on the flight risk associated with those prisoners because since they are subject to possible deportation upon release from custody they have reason to flee a half-way house); *see also*, *Lizarraga-Lopez v. United States*, 89 F. Supp. 2d 1166, 1169-70 (S.D. Cal. 2000) ("legitimate policy interests and Congress's plenary power over alien affairs provide sufficient reasons to uphold...differential treatment" in the

opportunity to participate in a home or community confinement program.) Thus, the BOP's policy to exclude deportable aliens from the BOP programs is valid under the rational basis test because it is rationally related to a legitimate government interest. Accordingly, Sosa-Quinones' exclusion from the BOP Programs does not violate the equal protection clause because the exclusion has a rational basis to a legitimate government purpose which is to prevent Sosa-Quinones from fleeing while participating in those programs.

Additionally, the Ninth Circuit has already held that 18 U.S.C. § 3621 which allows a sentence reduction for prisoners who have completed a drug rehabilitation program does not create a liberty interest, and therefore does not deprive deportable aliens of due process. *McLean*, 173 F.3d at 1184-1185. *Jacks v. Crabtree*, 114 F.3d 983, 986 n.4 (9th Cir. 1997). Therefore, Sosa-Quinones' due process rights have not been violated by his exclusion from the BOP programs.

## CONCLUSION

Based on the foregoing, Sosa-Quinones' Motion to Vacate and Set Aside the Judgment is DENIED with prejudice.

**IT IS SO ORDERED.**

DATE: August 19, 2008

_____

**CONSUELO B. MARSHALL**
**UNITED STATES DISTRICT JUDGE**